Judge Ryland
delivered the opinion of the court.
This is an appeal from the St. Louis criminal court. The defendant was indicted for unlawfully selling intoxicating liquors, to wit: “ale beer, porter, rum, gin, brandy, whiskey, and wine, in a quantity less than one quart, to wit: one glass and one gill of each of the aforesaid liquors,” &e. No objection is made to the indictment. The defendant plead not guilty. The following statement is from the bill of exceptions: “ This cause coming on for trial, the State introduced Washington King, and offered to prove by said King, that the defendant, within the county of St. Louis, and State of Missouri, within one year next preceding the finding of said indictment, viz., 25th Nov. 1848, did sell ale, porter and beer, and also offered then and there to prove by said King, that ale, porter and beer, were intoxicating liquors, within the meaning of the act concerning “ groceries and dram shops,” all which, the court at the instance of defendant then and there overruled the question, and refused to permit the State to prove the matters aforesaid.”
The State excepted to this opinion and judgment of the court: the bill of exceptions was signed, and this judgment is now before this «court for revision. This court is not left to construe this statute of “ groceries and dram shops,” so far as the words “ intoxicating liquor” *408 are in question, for the S8th section of the act itself, declares ic'tliat the term “ intoxicating liquor,” as used in this act, shall be construed to mean wine and spirituous liquors, and any composition, of which wine and spirituous liquors is a part.” Such being the meaning of the term, as declared by the act itself we see no error in the court below in refusing to permit the witness, King, to prove his meaning of the term under the law.
Judgment affirmed.